Michael Aziz Shabazz v. Acting Commissioner of the Department of Prisons and Bailey, Defendant Bailey. Good afternoon. May it please the court, my name is Michael Aziz Shabazz. I am the appellant plaintiff in this case. This basically emanates from the fact that I was locked down on a modern day slave plantation for a number of years and I refer to that as the modern day slave plant based upon the 13th amendment. Now as a political activist and prisoner I have repeatedly challenged conditions and as a result of that I have filed a number of pieces of litigation and that has resulted in my retaliation. Now prior to the Prison Mitigation Reform Act being enacted into the law going back to I believe 1985, there was no requirement that one appeal. However, I want to preface my remarks by saying that even in respect in regard to that I had filed and challenged that statute as being racist and unconstitutional. I filed something like a 300 handwritten page complaint. In that complaint I, you know, address the issues from top to bottom dealing with the issues of me being subjected to what I've been subjected to on a modern day slave plantation, being subjected to retaliation and racism and all of the above. Now the question that's been presented here is that I have actually failed to file an appeal which is a wanton and outright lie. I complied with the law, however, what has happened was the mere fact that a lot of my mail incoming and outgoing mail had been intercepted by prison guards in retaliation against me. The evidence will support my contentions based upon the fact of my numerous and repeated grievances, complaints from the governor, the commissioner, the superintendent and everybody more so involved. The issue in the lower court, uh, the magistrate judge had received the motion from the attorney general's office in regard to the fact alleging that I never filed an appeal. I had indicated repeatedly in regard to that that the court in the northern district had actually been biased and prejudiced towards me. However, in that process I had requested a change of venue but that never happened coming back to the southern district and as a result of that my case was dismissed and that was reaffirmed, affirmed also by the district court judge. Now this is the appeal before the court now of me challenging that actual result. And I understand your claim, Mr. Shabazz, is that you actually did appeal, exhaust the administrative remedies by appealing those decisions of the grievances that were held against you, but can you point anywhere in the proof of either the appeals or the interception of the mail or it's just your experience. Do you have proof that they actually intercepted those appeals being filed? Well, I have repeatedly filed complaints of the civil actions in respect to that. Now I do have paperwork, however, I do not possess or have in my possession as of now these number of grievances. However, I will say this here, in the discovery process I had requested that the court provide me with this discovery request. However, that had been ignored and circumvented. I even went as far as filing a number of rule 37 motions to compel discovery, but that was disregarded by the court below. So this is where we're at now. Thank you, Mr. Shabazz. You are about a minute and a half over your time, but you reserved a minute for rebuttal and so you'll have a chance to get back up and respond to your opponent's argument after their argument. Thank you. Thank you, Mr. Shabazz. May it please the court, Sean Mix on behalf of defendant. This court should affirm on the ground that plaintiff failed to exhaust his administrative remedies. Defendant submitted evidence showing that docs never received an appeal to court as required to exhaust because that is the final step of docs grievance procedure. In response, plaintiff simply stated that he obviously appealed the grievance because he appealed all adverse grievances, but that statement was insufficient to create a triable issue of fact. It didn't even establish that plaintiff purported to recall filing the specific grievance in this matter. Usually a plaintiff in this position seeking to document the allegation that an appeal to court was filed may submit a copy of the alleged grievance and appeal or at least a description or details about the alleged filing, such as when it was filed and if the plaintiff is confined to special housing unit as plaintiff was here, who the alleged appeal was given to and under what circumstances, whether the plaintiff received confirmation of receipt from court as required under the regulations and any attempts the plaintiff made to follow up on the status of that grievance appeal. Here, plaintiff provided no such information even though specific information of this kind would have been uniquely available and within his personal knowledge. Plaintiff's statement that he obviously appealed because he appealed all adverse grievances is simply insufficient to raise a question of fact here based on the evidence submitted by docs. Alternatively, this court can affirm on the merits which were fully briefed below. First, plaintiff failed to create a triable issue of fact on his eighth amendment claim that defendant poisoned him by tampering with his food. The mere fact that defendant handed plaintiff his food trays insufficient to suggest that defendant himself tampered with plaintiff's food as opposed to anyone else who may have handled the food that day, let alone that any such tampering gave rise to a serious risk of harm to which defendant was deliberately indifferent. The record here does not even contain evidence explaining what caused plaintiff's ball obstruction. Second, there's no evidence that defendant thereafter violated plaintiff's eighth amendment rights by delaying proper medical treatment. Plaintiff claims that he asked defendant to see a nurse because he was having some difficulty after his evening meal, about an hour after his evening meal, going to the bathroom, but nothing in that complaint would have put defendant on notice that plaintiff in fact required immediate medical attention and that there were nurses who performed regular rounds at the facility and thus would be available to examine plaintiff should his condition worsen which is ultimately what occurred in this case and we cite to those logbook entries in our brief. And so accordingly there's nothing in this record to suggest that defendant violated plaintiff's eighth amendment rights. So we do argue that you should affirm because plaintiff failed to exhaust his administrative remedies but also in the alternative you could affirm on the merits as they were briefed below. So unless there's any other questions. Seeing none, thank you counsel. Thanks so much. Mr. Shabazz, you have one minute for rebuttal, sir. Yes, may it please the court that as I had previously stated that prior to the prison litigation act being enacted there was no requirement that a prisoner file appeal. Now if you read my brief, I also brought up the issue of the fact that my complaint on that was actually intercepted. Now I have filed grievances. The record will reflect that. However, in the process of me attempting to ascertain this discovery, I was denied repeatedly. Like I said, I was subjected to bias from the court below and it was prejudice. And there was no question that I was poisoned and I had to go to an outside hospital. About 13 inches of my intestines was removed. Prior to that my left leg was broken. I litigated that. All that's in evidence. That's a part of the record. And there's no question in the purview of the confinement of that, if I had been provided with this discovery below, I could have presented it. So what the opposing attorneys actually alleged, you know, it is fictitious and it's basic in essence. We understand your argument, Mr. Shabazz. We have your pleadings. We have the pages that had gone missing. We have those as well. And we will take the matter under full advisement and we will reserve judgment after we read all the pleadings again and consider your arguments today. And thank you, sir. But if I may, I never received a request of discovery which I could have presented to the court and the court below actually ignored that. We understand that one of your arguments is the denial of discovery below. And I'm really trying to resurrect my other 300 page complaint that was intercepted and destroyed. We understand that, Mr. Shabazz, and we thank you for your argument and both sides. Thank you.